**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael Frank Good Bird, | ) | Case No.  1:20-cr-068 |
| | ) | |
| Defendant. | ) | |

Defendant is charged in a Superseding Indictment with the offense of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846.  (Doc. No. 295).  The court ordered him detained following a detention hearing on June 10, 2020.  (Doc. No. 95).

On October 6, 2020, defendant filed a motion requesting to be released from custody to the Summit Prairie Recovery Center ("Summit") for substance abuse treatment. (Doc. No. 417). Defendant advised that he has been accepted into an inpatient treatment program at Summit Prairie on the condition that he first passes a physical examination and tests negative for COVID-19.

On October 8, 2020, the court issued an order in which it deferred ruling on defendant's motion and directed defendant to submit for review his testing and transportation plan.  (Doc. No. 420).

.   On October 9, 2020, defendant filed a supplement to his motion.  (Doc. No. 422).  He advises that he has completed the physical and testing necessary for entry to Summit and that Summit will arrange for and provide transport.

The court **GRANTS** defendant's motion (Doc. No. 417).  Defendant shall be released a representative of Summit no earlier than 8:00 a.m. on October 29, 2020, for transport its treatment

1

facility. While on release, defendant shall comply with the following conditions:

(1) Defendant shall not violate federal, state, tribal, or local law while on release.

(2) Defendant shall appear in court as required and surrender for any sentence imposed.

(3) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection progress or specimen may be considered the same as a positive test.

(4) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6) Defendant shall reside at Summit, fully participate in its programming, and comply with all of its rules and regulations. Upon his arrival at Summit, he shall contact Pretrial Services Officer Baily Kruger at (701) 530-2414.

(7) Defendant shall sign all releases of information requested by the Pretrial Services Officer so that his progress and participation in treatment may be monitored.

(8) At least four days prior to the completion of his treatment program, defendant shall contact the Pretrial Services Office so that it may evaluate the appropriateness of any proposed living arrangements. Upon his discharge from his treatment program, defendant shall reside at an address approved by the Pretrial Services Office, not

change this address without the Pretrial Services Office's permission, and report to the Pretrial Services Office as directed. If the Pretrial Services Office determines that defendant is in need of a placement in a residential facility, defendant shall report to the designated facility as directed and comply with the facility's rules and regulations. If a residential facility is not available, defendant shall report the United States Marshal's office in Bismarck with the understanding that she shall be detained pending further order of the court.

**IT IS SO ORDERED**.

Dated this 28th day of October, 2020.

>  */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court